the Government, and if he overpays the taxes due he is entitled to a credit or refund. It is clearly inconsistent with the provisions of subdivision (b) to hold that a taxpayer may be entitled to a refund on account of the 25 per cent credit in excess of the amount actually paid to the collector, yet this is the inevitable result which would follow from the position claimed by the taxpayers. It could readily happen, in the case of a citizen of the United States whose entire income is derived from sources abroad, that the tax due the foreign government would equal or exceed the tax due the United States and the credit would equal that tax. The taxpayers here claim, in effect, that under such circumstances they would be entitled to a payment from the United States of 25 per cent of the amount of tax shown on their returns without the above-mentioned credit, although no tax would be due the United States and none would be paid. The language "shall be credited or refunded" involves an indebtedness against which a credit is to be applied or as to which a refund is to be made, and does not imply a gratuitous payment from the Treasury on account of taxes paid to governments other than the United States.

## APPEAL OF ALICE GRACE D'OENCH.

Docket No. 3231. Submitted October 6, 1925. Decided November 12, 1925.

*Jacob Mertens, Jr., Esq.*, for the taxpayer.
*Arthur H. Murray, Esq.*, for the Commissioner.

Before SMITH, JAMES, LITTLETON, and TRUSSELL.

This is an appeal from the determination of a deficiency in income tax for the calendar year 1919 in the amount of $7,267.68, arising from the disallowance by the Commissioner of a deduction of $16,200 claimed by the taxpayer under section 214 (a) (5) of the Revenue Act of 1918 as a loss on the sale of residential property.

### FINDINGS OF FACT.

Taxpayer is a resident of Manhasset, Long Island, N. Y. About December, 1913, she purchased certain residential property located at 35 East Seventy-second Street, New York City, for $75,000, for use as a residence, title thereto being taken in her name. At the time of the purchase taxpayer and her husband, Albert F. D'Oench, owned and occupied another residence in New York City. This they abandoned in December, 1913, occupying the property above described as their residence from that date until some time in July, 1918, at which time the husband died. Taxpayer thereupon, pre-

ferring to live at her country home on Long Island, ceased to occupy the residence as her home, and, on August 12, 1918, placed it in the hands of certain real estate agents for sale at $75,000 or for rent, furnished, at $6,000 per annum. Active efforts were made by her agents to sell or rent the property, and, finally, it was sold in July, 1919, to the Guardian Holding Co. for $60,000. The taxpayer paid commission on the sale of this property amounting to $1,200, and in her income-tax return for 1919 deducted $16,200 as a loss.

### DECISION.

The determination of the Commissioner is approved. *Appeal of John J. Madden*, 2 B. T. A. 702.

---

## APPEAL OF CHAPIN CONSTRUCTION CO.

Docket No. 3200. Submitted June 16, 1925. Decided November 12, 1925.

A corporation engaged in the business of road and street construction contracting, keeping its accounts on the basis of completed contracts and treating the total contract price as gross income in the year when the original construction work is finished, may not deduct therefrom a reserve for estimated expense of maintenance during the following years specified in the contract. Following *Appeal of Uvalde Co.*, 1 B. T. A. 932.

*Mrs. G. G. Lewis* for the taxpayer.
*F. O. Graves, Esq.*, for the Commissioner.

### Before JAMES and TRUSSELL.

This is an appeal from the determination of deficiencies in taxes for the years 1919 to 1921, inclusive, aggregating $10,718.84, and an overassessment of $662.97 for the year 1922. The appeal was submitted on the pleadings.

### FINDINGS OF FACT.

The taxpayer is a Texas corporation organized on May 13, 1916, under the name of "Chapin-Colglazer Construction Co." On June 27, 1923, the name of the corporation was changed to Chapin Construction Co.

The taxpayer filed an income-tax return for the year 1920 upon the basis of which tax was assessed in the amount of $4,423.90. In June, 1922, it filed an amended return for the year 1920 and, upon the basis of the amended return, additional tax was assessed in the amount of $4,309.31. The Commissioner subsequently determined that additional tax is due from the taxpayer for the year 1920 in